# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL C. GREENSPON, | § | No. 41, 2017 |
| | § | |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. N16M-02-187 |
| BLACK KNIGHT FINANCIAL | § | |
| SERVICES, INC., CITI BANK, N.A., | § | |
| | § | |
| Respondents Below, | § | |
| Appellees. | § | |

Submitted: June 20, 2017
Decided: September 15, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

### ORDER

This 15th day of September 2017, having considered the parties' briefs, the appellee's post-briefing submission, the appellant's response in opposition to the submission, and the record on appeal, it appears to the Court that:

(1) For an action he brought in a circuit court in Hawaii, the appellant, Michael C. Greenspon, sought the production of documents owned by CIT Bank, N.A. ("CIT") and stored by Black Knight Technology Solutions, LLC ("BKTS"), an entity affiliated with Black Knight Financial Services, Inc. ("BKFS").[1] Because BKFS is a Delaware corporation with its principal place of business in Florida,

---

[1] CIT, BKTS, and BKFS are not parties in the Hawaii action.

Greenspon petitioned the Superior Court Prothonotary to issue a subpoena to BKFS' registered agent in Delaware for the production, in Florida, of the CIT documents stored by BKTS. A Commissioner quashed the subpoena on the basis that it was filed in the wrong jurisdiction and served on the wrong party. This appeal is from the Superior Court's denial of Greenspon's motion to reconsider the Commissioner's order quashing the subpoena.

(2) In the proceedings before the Commissioner, CIT joined in BKFS' motion to quash the subpoena, and Greenspon filed a motion to compel. Following full briefing on the motions, the Commissioner conducted a hearing on June 28, 2016 and issued the order quashing the subpoena on July 19, 2016. Greenspon filed a motion to reconsider the Commissioner's order. After a transcript of the hearing was prepared and the parties submitted briefs on the motion to reconsider, the Superior Court issued an order denying reconsideration. In the December 21, 2016 order, the Superior Court determined that Greenspon "failed to meet his burden of proving that the 'Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion.'" This appeal followed.

(3) In his opening brief on appeal, Greenspon claims that the Superior Court reviewed the Commissioner's order under the wrong standard of review. Greenspon argues that if the Superior Court had applied the correct standard of review, the court would have granted the motion to reconsider.

2

(4)     Under Superior Court Civil Rule 132, Commissioners have the power to hear certain case-dispositive matters and "non case-dispositive" matters.[2] Commissioners issue orders determining non case-dispositive matters.[3] In case-dispositive matters, Commissioners submit proposed findings of facts and recommendations for disposition by a Superior Court Judge.[4]

(5)     A party may file objections to a Commissioner's order by filing a motion for reconsideration under Rule 132(a)(3)(ii). Rule 132(a)(3)(iv) provides that "[a] judge may reconsider any hearing or pretrial matter under subparagraph (3) only where it has been shown in the record that the Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion."[5]

(6)     In this case, Greenspon submitted objections to the Commissioner's order in a motion to reconsider filed under Rule 132(a)(3)(ii). The Superior Court denied reconsideration after determining, under Rule 132(a)(3)(iv), that Greenspon "failed to meet his burden of proving that the 'Commissioner's order is based upon findings of fact that are clearly erroneous, or is contrary to law, or is an abuse of discretion.'" On appeal, the Court finds no basis to disturb the Superior Court's

---

[2] Del. Super. Ct. Civ. R. 132(a)(3), (4).
[3] *Id.* (a)(3)(i).
[4] *Id.* (a)(4).
[5] *Id.* (a)(3)(iv).

3

order. Greenspon's claim that the Superior Court applied the wrong standard of review is without merit.

(7)    To the extent Greenspon suggests that the Commissioner erred when treating the motion to quash and motion to compel as non case-dispositive matters, we have not considered that claim because Greenspon did not raise it in his objections, and there is no plain error in the record.[6] The Commissioner considered the motions within the context of a discovery dispute and issued an order that has no bearing on the validity of a subpoena that is properly filed and served or on the merits of Greenspon's litigation in Hawaii.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[6] Del. Supr. Ct. R. 8. Greenspon's failure to raise the claim in the Superior Court limits any review of the claim to plain error. *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986). "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process." *Id.*

4